**Frederick OWENS, Petitioner–Appellant,**

v.

**Robert AYERS, Warden, Respondent–Appellee.**

No. 00–17372.

D.C. No. CV–99–02042–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Frederick Owens, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his convictions for assault with a deadly weapon by a state prisoner in violation of California Penal Code § 4501, and possession of a weapon by a state prisoner in violation of California Penal Code § 4502(a). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253(d) and we affirm.

Because the AEDPA applies, *see* 28 U.S.C. § 2254(d), in order to succeed, Owens must demonstrate that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir. 2000) *cert. denied* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000) (defining "unreasonable applications" as involving situations where the state court has committed clear error).

Owens contends that his conviction must be reversed because the trial court allowed his incriminating statement, made to a corrections officer, to be admitted at trial despite the fact that he had not received warnings pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Miranda* was never intended to restrict law enforcement officers ability to conduct on the scene questioning to "determine whether a crime has been committed or is in progress." *Lowe v. United States,* 407 F.2d 1391, 1393–94 (9th Cir.1969). In determining whether questioning of a prisoner qualifies as on the scene questioning or impermissible interrogation, a court should examine: the language used to summon the individual, the physical surroundings of the interrogation, the extent to which the prisoner is confronted with evidence of his guilt, and the additional pressure exerted to detain him. *Cervantes v. Walker,* 589 F.2d 424, 427–28.

The record here shows that: Owens detainment in a holding cell was a routine procedure incident to a medical examination; that he was not confronted with any evidence of his guilt; and that Lieutenant Smith, the facility lieutenant, questioned Owens as a spontaneous reaction to the alarm being raised, and was intended only to determine what had happened, whether a crime was continuing, and what immediate actions needed to be taken. Accordingly, the state court's determination that no *Miranda* warnings were required was not clear error, and that Owens Fifth Amendment rights were not violated. *See id.*

Finally, even were we to assume that Owens's incriminating statements were admitted in violation of *Miranda,* we conclude that admission of the statements was harmless error. *See Arizona v. Fulminante,* 499 U.S. 279, 295–96, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (holding that admission of evidence obtained in violation of Miranda is subject to harmless error analysis). As reflected in the record, Owens made equally incriminating and substantially similar statements to the assistant medical technician who examined him after the altercation. He has not contested the admission of these statements at trial, and the state court's finding that Owens uttered those statements therefore is presumed correct. 28 U.S.C. § 2254(e)(1). Accordingly, the district court did not err in determining that the admission of Owens's statements to the corrections officer could not have had a substantial or injurious effect on the jury's verdict. *Id.*

AFFIRMED.